**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| E.J.,                 ) | |
|                 ) | Case No. _____ |
| Petitioner,       ) | |
|                 ) | **PETITION FOR WRIT OF** |
| v.                 ) | **HABEAS CORPUS** |

E.J.,

              Petitioner,

v.

JULIA CARAVIA, Director, Boston Logan
Airport Port of Entry, U.S. Customs and Border
Protection; JENNIFER DE LA O, Director, Boston
Field Office, U.S. Customs and Border Protection;
PETER R. FLORES, Acting Commissioner, U.S.
Customs and Border Protection; DIANE J.
SABATINO, Acting Executive Assistant
Commissioner, Office of Field Operations, U.S.
Customs and Border Protection; DAVID
WESLING, Acting Field Office Director, U.S.
Immigration and Customs Enforcement;
MICHAEL KROL, HSI New England Special
Agent in Charge; TODD LYONS, Acting Director,
 U.S. Immigrations and Customs Enforcement,
and KRISTI NOEM, U.S. Secretary of Homeland
Security,

              Respondents.

Case No. _____

**PETITION FOR WRIT OF**
**HABEAS CORPUS**

## <u>INTRODUCTION</u>

1. Petitioner E.J.[1] is a Dominican national who was unlawfully deported from the United

States and separated from her two-year-old U.S. citizen child in November 2025. At the

time of Petitioner's unlawful deportation, she had a pending application for lawful

permanent residency. She had never been ordered deported. Immigration and Customs

Enforcement ("ICE") has acknowledged that they deported Petitioner "in error."

---

[1] Petitioner is concurrently filing a Motion to Proceed Pseudonymously. Her identity may be disclosed to counsel for
Respondents and the Court as required.

2. In recognition of their error, ICE issued Petitioner a travel document and plane ticket for return to the United States. But rather than allow Petitioner to reunite with her two-year-old child after a nearly three-month-long separation resulting from the unlawful deportation, ICE arrested and detained Petitioner at Logan International Airport on the afternoon of January 30, 2026.

3. To vindicate Petitioner's constitutional and statutory rights, this Court should grant the instant petition for a writ of habeas corpus.

4. Petitioner asks this Court to find that she was unlawfully detained and order her release.

## JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

6. Venue is proper because Petitioner resides and was detained in Massachusetts, and on information and belief is presently detained in Massachusetts.

## PARTIES

7. The Petitioner E.J. resides in central Massachusetts. She is an applicant for permanent residency who has resided in Massachusetts for the past five years and has a two-year-old U.S. citizen daughter. Upon information and belief, she is currently detained in Boston or Burlington, Massachusetts by Respondents.

8. On information and belief, Respondent Julio Caravia is Director of the Boston Logan Airport Port of Entry for CBP.

9. Respondent Jennifer De La O is the Director of CBP's Boston Field Office.

10. Respondent Peter R. Flores is the Acting Commissioner of CBP.

11. Respondent Diane J. Sabatino is the Acting Executive Assistant Commissioner, Office of

Field Operations, for CBP.

12. Respondent David Wesling is the New England Field Office Acting Director for U.S. Immigration and Customs Enforcement.

13. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

14. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

15. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

16. All respondents are named in their official capacities.

### FACTS ALLEGED

17. Petitioner is a survivor of domestic violence by multiple partners, including her U.S. citizen husband, and the mother of a U.S. citizen child. Petitioner entered the United States lawfully on a visitor's visa on or about August 9, 2020, and she has never been ordered deported.

18. In 2022 Petitioner married a United States citizen. On multiple occasions throughout their relationship, Petitioner's husband assaulted and otherwise abused Petitioner, ultimately leading Petitioner to separate from him.

19. In 2023 Petitioner and her abusive husband had a daughter. Petitioner's daughter is a citizen of the United States.

20. On or about June 24, 2024, Petitioner filed a self-petition under the Violence Against Women Act (VAWA), 8 U.S.C. § 1154(a)(1)(A)(iii), and a concurrent application for lawful permanent residency. VAWA provides a pathway for abused spouses of U.S. citizens to seek a stable immigration status in the United States without relying on their

abusers to file marriage-based immigrant visa petitions. Petitioner's application remains pending before the U.S. Citizenship and Immigration Services.

21. On or about October 30, 2025, Petitioner was arrested by the Worcester Police Department in Massachusetts. Upon her release from police custody that day, and prior to her arraignment and the appointment of defense counsel, Immigration and Customs Enforcement (ICE) officers arrested and detained Petitioner, transporting Petitioner from Worcester, Massachusetts, to the ICE processing facility in Burlington, Massachusetts. ICE's detention of Petitioner prior to her arraignment resulted in issuance of a default warrant at the arraignment hearing held the following day.

22. ICE officers issued Petitioner a Notice to Appear in removal proceedings, charging her with removability pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"); 8 U.S.C. § 1227(a)(1)(B). The Notice to Appear indicated that Petitioner would have an initial hearing before the Chelmsford (Massachusetts) Immigration Court on November 13, 2025 at 8:30 AM. This would have been Petitioner's first appearance and first interaction with the immigration court system.

23. Petitioner remained in ICE custody from on or about October 30, 2025 until on or about November 11, 2025.

24. Petitioner has several chronic medical conditions, including epilepsy and pernicious anemia. She requires daily medications and monthly injections to manage her conditions.

25. During her time in ICE custody, Petitioner was moved from Burlington to Vermont to Texas to Louisiana. Petitioner did not receive her epilepsy medication and had to be taken to a hospital emergency room in medical crisis.

26. Petitioner was unable to call her immigration attorney during the approximately 13 days

she spent in ICE custody.

27. On or about November 11, 2025, two days prior to her first scheduled Immigration Court hearing, ICE officers removed Petitioner from the detention center in Louisiana and put her onto an airplane with other detainees. Petitioner did not know where they were being taken. The plane later landed in the Dominican Republic.

28. At the time ICE officers took Petitioner from the detention center in Louisiana and deported her to the Dominican Republic, Petitioner had not been ordered deported by any court or administrative agency. Petitioner had not requested or received a voluntary departure order. Petitioner was awaiting her first court appearance before the Immigration Court.

29. Petitioner was only able to contact her immigration attorney after her unlawful deportation from the United States had occurred. Petitioner's counsel contacted ICE counsel, who acknowledged that Petitioner had been removed from the United States in error. ICE arranged for a travel document and airplane ticket to be issued for Petitioner's re-entry to the United States.

30. On information and belief, on January 30, 2026, Petitioner was paroled into the United States at the Newark, New Jersey International Airport and took a connecting flight to Boston Logan International Airport (United Airlines Flight 366), landing in Boston at approximately 1:00 PM.

31. On information and belief, on January 30, 2026, Immigration and Customs Enforcement (ICE) officers arrested and detained Petitioner at the Boston Logan International Airport.

32. On information and belief, Petitioner has been detained since her arrival at Logan Airport without the ability to communicate with legal counsel.

33. On information and belief, at the time of filing this petition, Petitioner remains in the

5

custody of Customs and Border Protection (CBP) or ICE in Massachusetts, where there are no long-term holding facilities for female detainees.

34. ICE's unlawful deportation of Petitioner resulted in her nearly three-month-long separation from her U.S. citizen daughter. The Probate and Family Court had previously granted Petitioner temporary custody of her daughter as a term of an abuse prevention order issued against Petitioner's husband. A hearing in divorce proceedings at which custody of Petitioner's daughter will be further determined is scheduled for several weeks from the date of this filing. As long as Petitioner remains detained in ICE custody, she will be unable to participate in the legal proceedings relating to her daughter's custody.

35. ICE's prior detention and unlawful deportation of Petitioner resulted in her missing her October 31, 2025, arraignment hearing before the Worcester District Court, leading to a default warrant. As long as Petitioner remains detained in ICE custody, she will be unable to participate in these legal proceedings and resolve the criminal charge against her.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

36. Petitioner realleges all paragraphs above as if fully set forth here.

37. On information and belief, Petitioner was arrested and is currently being detained by federal agents without cause and in violation of her constitutional rights to due process of law. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("Freedom from imprisonment— from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause.").

### COUNT TWO
### Violation of the Immigration and Nationality Act and Implementing Regulations

38. Petitioner realleges all paragraphs above as if fully set forth here.

39. On information and belief, Petitioner is currently being detained without access to a hearing to determine whether she is a danger or flight risk, in violation of the Immigration and Nationality Act and the implementing regulations. *See, e.g., Locon Cordero v. Hyde*, 1:25-cv-12802-IT, 2025 WL 3043415 (D. Mass. Oct. 31, 2025).

40. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

41. Petitioner's continuing detention is therefore unlawful.

### COUNT THREE

### Violation of the Administrative Procedure Act – 5 U.S.C. § 706(2)(A)

1. Petitioner realleges all paragraphs above as if fully set forth here.

2. Under the APA, a court shall "hold unlawful and set aside agency action . . . found to be arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A).

3. ICE Directive 11005.3 established that "absent exceptional circumstances, ICE will refrain from taking civil immigration enforcement action against known beneficiaries of victim-based immigration benefits and those known to have a pending application for such benefits."

4. ICE Directive 11005.4 purported to replace ICE Directive 11005.3 on January 31, 2025. However, this Directive fails to engage with the established statutory scheme and important policy considerations underlying ICE Directive 11005.3.

5. Because ICE Directive 11005.4 does not provide any reasoned explanation for abandoning prior guidance, the purposed rescission of ICE Directive 1105.3—and Respondents' failure to apply ICE Directive 1105.3 when deciding to detain Petitioner—

is arbitrary and capricious and in violation of the APA.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(5) Declare that Petitioner's detention violates the Immigration and Nationality Act and Implementing Regulations.

(6) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(7) Grant any further relief this Court deems just and proper.

Respectfully submitted,

E.J., through counsel,

/s/ Ellen VanScoyoc

Ellen VanScoyoc
MA Bar No. 667839
Central West Justice Center
370 Main Street, Ste. 200
Worcester, MA 01608
508 425 2785
evanscoyoc@cwjustice.org

/s/ Kelly C. Morgan

Kelly Morgan
MA Bar No. 703737

8

Central West Justice Center
1 Monarch Place, Ste. 400
Springfield, MA 01144
508 425 2877
kmorgan@cwjustice.org

*Counsel for Petitioner*

Dated: January 30, 2026