UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| E.J.,<br><br>    Petitioner,<br><br>v.<br><br>JULIA CARAVIA, et al.,<br><br>    Respondents. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:26-cv-10482-IT<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

February 13, 2026

TALWANI, D.J.

Petitioner E.J.[1] is a Dominican national who has resided in Massachusetts for the past five years. Pet. ¶¶ 1, 7 [Doc. No. 1]. Pending before the court is Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] seeking release from detention or, in the alternative, a bond hearing. Id. at ECF 8; Petitioner's Reply Brief 8 [Doc. No. 13]. For the reasons below, Petitioner's Petition is GRANTED.

Petitioner alleges that she arrived in the United States on a visitor's visa on or about August 9, 2020. Pet. ¶ 17. In 2022, Petitioner married a United States citizen. Id. ¶ 18. Petitioner and her husband's daughter was born in 2023 and is a United States citizen. Id. ¶ 19.

Petitioner alleges that she separated from her husband on account of his abuse of Petitioner. Id. ¶ 18. Petitioner reports that "[o]n or about June 24, 2024, Petitioner filed a self-petition under the Violence Against Women Act (VAWA), 8 U.S.C. § 1154(a)(1)(A)(iii), and a

---

[1] Petitioner is proceeding under a pseudonym pursuant to the court's grant of Petitioner's Motion to Proceed Pseudonymously [Doc. No. 2]. See Electronic Order [Doc. No. 5].

concurrent application for lawful permanent residency." Id. ¶ 20. This application remains pending before the U.S. Citizenship and Immigration Services ("USCIS"). Id.

On or about October 30, 2025, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner. Id. ¶ 21.

While detained, Petitioner was issued a Notice to Appear in removal proceedings, with an initial hearing scheduled before the Chelmsford immigration court on November 13, 2025. Id. ¶ 22. The notice charges Petitioner with having entered the United States "as a nonimmigrant Visitor for Pleasure with authorization to remain in the United States for a temporary period not to exceed February 8, 2021." Petitioner's Reply Brief Ex. 2 [Doc. No. 13-2]. The notice states that Petitioner is subject to removal from the United States pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") as a noncitizen who remained in the United States for longer than her temporary period permitted. Id.; Pet. ¶ 22 [Doc. No. 1].

After detaining Petitioner, Respondents moved Petitioner from Massachusetts to Vermont, then to Texas, and finally to Louisiana. Pet. ¶ 25 [Doc. No. 1]. Petitioner alleges that she has "several chronic medical conditions, including epilepsy and pernicious anemia." Id. ¶ 24. Petitioner alleges that during her detention she did not receive her epilepsy medication—resulting in her being taken to a hospital emergency room—and was unable to call her immigration attorney. Id. ¶¶ 25–26. Petitioner further alleges that on November 11, 2025, two days before Petitioner's scheduled immigration hearing, ICE officers deported Petitioner to the Dominican Republic. Id. ¶ 27.

Petitioner alleges that, following her deportation, ICE counsel acknowledged that ICE removed Petitioner from the United States in error. Id. ¶ 29. ICE then issued Petitioner travel documents and a plane ticket allowing her to return to the United States. Id. ¶¶ 2, 29. Petitioner

returned to the United States on January 30, 2026. Id. ¶ 30. She was paroled into the United States at Newark International Airport in New Jersey. Id. She continued on a connecting flight to Logan International Airport in Boston, Massachusetts, where ICE officers detained her. Id. ¶¶ 30–31. Petitioner alleges that she has been detained since that time. Id. ¶ 32.

On January 30, 2026, Petitioner filed her Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that she "is currently being detained by federal agents without cause and in violation of her constitutional rights to due process of law." Id. ¶ 37. Additionally, Petitioner alleges that she "is currently being detained without access to a hearing . . . in violation of the Immigration and Nationality Act and the implementing regulations" and that her detention is in violation of the Administrative Procedure Act. Id. at ECF 6–7.

In response, Respondents do not address any of Petitioner's factual allegations. Instead, Respondents merely note that

> the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz, No. 25-cv-12094-IT, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sep. 5, 2025); [Elias] Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Response to Habeas Petition [Doc. No. 11]. Respondents state further that "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Id.[2]

---

[2] Respondents do not mention ICE's designation of Petitioner as an "arriving alien" after ICE returned her to the United States on January 30, 2026. See Petitioner's Reply Brief Ex. 3, at ECF 1 [Doc. No. 13-3] (January 30, 2026 Notice to Appear). This designation is inconsistent with the facts of this case. Petitioner had a Notice to Appear issued to her on October 30, 2025, that did not designate her as an arriving alien. Petitioner's Reply Brief Ex. 2 [Doc. No. 13-2]. The purported classification of Petitioner as an arriving alien—when ICE mistakenly removed Petitioner from the country in the first place—is entitled to no weight. Petitioner correctly contends that the court must instead assess her eligibility for bond based on her initial entrance to

3

Petitioner replies that immediate release, rather than the grant of a bond hearing, is appropriate in this case,

> where, as a result of ICE's arrest, detention, illegal deportation, facilitated return, and re-charging of Petitioner as an "arriving alien," she has suffered prolonged separation from her young child, medical neglect, and denial of access to counsel and to the criminal and probate court systems, and where as a result of the government's unlawful deportation, she has been rendered arguably ineligible for an administrative bond hearing under agency precedent.

Petitioner's Reply Brief 5 [Doc. No. 13]. Petitioner further notes that a hearing on her divorce proceedings where custody of her daughter will be determined is scheduled for February 17, 2026. Id.[3]

Where Petitioner has resided in the United States since 2020, the court finds that nothing in the record otherwise indicates that Petitioner is detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe and Elias Escobar remains correct. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. Where Petitioner states that she is scheduled to attend divorce proceedings on February 17, 2026, during which custody of her daughter will be determined, see Petitioner's Reply Brief at 5 [Doc. No. 13], no later than February 16, 2026, E.J. must either be released (on conditions if Respondents so require) or be provided a bond hearing pursuant to 8 U.S.C. § 1226. If the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado,

---

the country. Petitioner's Reply Brief 8 [Doc. No. 13].

[3] Petitioner also raises an APA claim in support of her argument for immediate release. See Petitioner's Reply Brief 6–7 [Doc. No. 13]. Where the court grants Petitioner alternative relief in the form of an expedited bond hearing, the court need not address this argument.

Respondents shall advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain E.J. in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

Respondents shall file a status report no later than February 19, 2026.

IT IS SO ORDERED.

February 13, 2026                                         /s/ Indira Talwani
                                                         United States District Judge